**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

BARBARA AVILA and MIGUEL
AVILA,

                Plaintiffs-Appellants,

v.

SPOKANE SCHOOL DISTRICT 81,

                Defendant-Appellee.

No.   14-35965

D.C. No. 2:10-cv-00408-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Argued and Submitted December 5, 2016
Seattle, Washington

Before:  McKEOWN, TALLMAN, and CHRISTEN, Circuit Judges.

The Avilas, parents of a student in Spokane School District 81, appeal the

district court's order dismissing their claims that the District violated the

Individuals with Disabilities in Education Act (IDEA), 20 U.S.C. § 1400 *et seq*.

The Avilas argue that the District violated the IDEA by failing to assess their child,

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

G.A., for dyslexia and dysgraphia in a 2010 reevaluation of G.A.'s special education needs.[1] The district court concluded that the District's 2010 reevaluation of G.A. was appropriate and did not merit an independent educational evaluation at the District's expense. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"[I]f the local educational agency determines that the educational or related services needs, including improved academic achievement and functional performance, of the child warrant a reevaluation," a local educational agency must conduct a reevaluation to "determine whether the child is a child with a disability . . . and the educational needs of the child." 20 U.S.C. § 1414(a)(2)(A)(i), (c)(1)(B)(i). Washington law requires that students be reevaluated "in all areas related to the suspected disability, including, if appropriate, health, vision, hearing, social and emotional status, general intelligence, academic performance, communicative status, and motor abilities." Wash. Admin. Code § 392-172A-03020(3)(e); *see also* 34 C.F.R. § 300.304(c)(4) (same). If a "school district fail[s] to conduct the statutorily mandated assessment of 'all areas of

---

[1] We address the Avilas' claim that the district court erred in its application of the IDEA's statute of limitations to their pre-April 2008 claims in a published opinion filed concurrently with this memorandum disposition.

2

suspected disability[,]' it necessarily deprive[s] [the child] of a free appropriate public education" as required by the IDEA. *Timothy O. v. Paso Robles Unified Sch. Dist.*, 822 F.3d 1105, 1126 (9th Cir. 2016), *petition for cert. filed*, No. 16-672 (U.S. Oct. 31, 2016).

Here, we conclude the District assessed G.A. "in all areas related to [his] suspected disability" when it tested him for reading and writing inefficiencies. *See* Wash. Admin. Code § 392-172A-03020. The District does not refer to specific reading and writing disorders as dyslexia or dysgraphia, but it evaluates students for "Specific Learning Disabilit[ies] as defined under 34 CFR 300.8(10)(i)," which includes reading disorders such as dyslexia and writing disabilities. *See* 34 C.F.R. § 300.8(10)(i). The District reevaluated G.A. by administering a battery of tests, including many of the same tests used by the Avilas' private evaluator in G.A.'s 2012 assessment. At oral argument, the Avilas claimed the District should have used subtests from the WIAT-II test for dyslexia and dysgraphia, but the District assessed G.A. using the updated WIAT-III test. The Avilas do not identify any other tests that should have been performed by the District. Unlike in our recent decision in *Timothy O. v. Paso Robles Unified School District*, where the school district failed to assess the child not just for autism specifically, but also for "autistic-like behavior," here, the District broadly assessed G.A. for reading

3

fluency and fine motor skills aimed at detecting writing inefficiencies. *See Paso Robles*, 822 F.3d at 1120 (concluding the school district failed to assess in all areas of suspected disabilities because it "did not include any of the standard assessments for autism" or an "assessment for social/adaptive behavior"). The District did assess G.A. "in all areas related to [his] suspected disability" and did not violate the IDEA in its 2010 reevaluation.

Each party shall bear its own costs.

**AFFIRMED.**